DECISION
The issue before this Court is whether to grant or deny the Motion of the Attorney General to certify to the Rhode Island Supreme Court the following question of law:
 Did the Economic Development Corporation possess legal authority to authorize by Resolution dated July 2, 1996, the execution, delivery and performance of certain agreements (attached) necessary to implement the Providence Place Mall Project?
On July 29, 1996, after reviewing the memorandum of law filed by the Attorney General in support of the "Motion to Certify" and a memorandum of law filed by the plaintiffs objecting to the "Motion to Certify", a hearing was held, at which time the attorneys argued the merits of their position on the issue of certification.
After consideration of the memoranda filed and the arguments of counsel, this Court is satisfied that 9-24-27 mandates that the Superior Court shall certify to the Supreme Court any question of law which, in the opinion of the Attorney General, where the State is a party, is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings. In the instant case, State of Rhode Island is a named defendant.
The parties have agreed that the construction of the Providence Place Mall involves the expenditure of in excess of $200 million dollars, a matter of substantial public interest. The instant action seeks a determination by this court that the July 2, 1996 Agreement violates P.L 1995, Chapter 400. A resolution of that question, indeed, controls the merits of the plaintiffs' claims.
This Court is aware of those cases decided by our Supreme Court relating to questions certified by a trial judge. Those cases indicate that before a trial judge may certify a question to the Supreme Court, the judge must, after careful consideration, aided by research and arguments of counsel, be unable to resolve the doubt posed by the question of law. In the instant case, however, it is the Attorney General who is seeking certification, not the Court. 9-24-27 imposes no such requirement on the Attorney General.
As far back as 1941, in State v. Paradis, 18 A.2d 342, the Supreme Court addressed the Attorney General's power to certify questions of law. The Supreme Court in that case responded to the petitions for certiorari of numerous defendants seeking review of adverse rulings in the trial court, as well as those petitioners' motions to certify to the Supreme Court constitutional questions which would affect their prosecutions. in denying their motions to certify constitutional questions, the Supreme Court stated:
 . . . the legislature has conferred upon the Attorney General the authority to have certified to this court for determination in a civil or criminal proceeding any question of the constitutionality of a statute, or any question of doubt and importance affecting the merits of the pending controversy if, his opinion, it is in the interest of the state to have such question so determined. . . . But he is the only one who may invoke it on that ground.
State v. Paradis, 18 A.2d 342 at 345 (R.I. 1941).
In two subsequent cases, the Supreme Court again noted that the appropriate method for certifying to the Supreme Court questions of pressing public interest and importance was certification by the Attorney General pursuant to § 9-24-27.Opinion to the Governor and Opinion to the House ofRepresentatives, (1959). In both of these cases, the respective governmental bodies requested advisory opinions of the Supreme Court pursuant to then Article XII, section 2 of the Rhode Island Constitution, currently Article X, section 3. In both instances, the advisory opinions sought were on issues raised in lawsuits already pending in the Superior Court. The Supreme Court declined to issue advisory opinions, but instructed:
 "However, if your Excellency deems those questions of such pressing public interest and importance that they should be decided without the necessity of awaiting the outcome of the above-mentioned litigation, there is a method provided by statute by which they may be brought to this court for decision in advance of the trial of those equity suits in the superior court. Under G.L. 1956 § 9-24-27, the attorney general may obtain the certification of such questions for our determination . . . ."
Opinion to the Governor, 149 A.2d at 343.
The identical language is contained in the Supreme Court's response to the Legislature in Opinion to the House ofRepresentatives, 149 A.2d at 345.
Therefore, where a lawsuit is already pending concerning an issue of public importance to the state, the proper method of obtaining immediate Supreme Court resolution of the question of law is for the Attorney General to certify the legal issue to the Supreme Court. That is exactly the procedure being followed here. There is nothing in any of the cases concerning certification by the Attorney General which indicates that the trial judge must first be unable to decide the issue.
The Legislature's inclusion of the Attorney General in § 9-24-27 is intended to provide expeditious resolution of legal issues which the Attorney General, as the general officer elected to represent the interests of the state and its citizens, determines are of significant public importance. To require a trial judge to first be unable to resolve the issue would obviate the Legislature's grant to the Attorney General of the power to request certification. Such a restrictive construction of the statute is not required.
This Court is not unmindful of Sweeney v. Notte, 95 R.I. 68
(1962). In that case Justice Powers, speaking for the R.I. Supreme Court, declared that:
 "in the interest of orderly procedure, therefore, we declare that we will not hereafter entertain certification of questions under 9-24-27 in proceedings commenced under the Uniform Declaratory Judgments Act."
However, counsel for the movants, as well as counsel for the opponents of the motion, cited at least three cases within the last two years that the Supreme Court considered the question certified, notwithstanding the fact the action was brought under the Uniform Declaratory Judgments Act.
Town of Lincoln v. Lincoln Lodge No. 22, 660 A.2d 710 (1995);
Marran v. Baird, 635 A.2d 375 [635 A.2d 1174] (1994);
National Velour Corp. vs. Durfee, 637 A.2d 375 (1994)
Professor Kent in Rhode Island Practice, Vol. 1, p. 503 suggests that Rule 72 of the Rules of Civil Procedure, adopted in 1966 (four years after Sweeney v. Notte), clearly encompasses declaratory judgment actions as being appropriate under 9-24-27
for certification.
Finally, Rule 72(b) of the Superior Court Rules of Civil Procedure provides:
 "Upon Courts Own Initiative. Whenever a statute provides for certification of an action or any question arising therein by the Superior Court to the Supreme Court on the initiative of the Superior Court, the court shall, prior to certification, afford the parties an opportunity to be heard on the issue of certification and on the form any certified question shall take, irrespective of whether the applicable statute directs the Superior Court to certify or vests in the Superior Court discretion with respect to certification. (As amended September 5, 1995.)"
Thus, the Rule recognizes that where a statute directs the Superior Court to certify, certain procedures are required.
Does not 9-24-27 direct the Superior Court to certify a question of law which, in the opinion of the AttorneyGeneral, where the State is a party, is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings? I think it does.
For the reasons stated, the Motion of the Attorney General to certify the foregoing question is granted.